Waterscape Resort LLC v Pavarini McGovern, LLC (2019 NY Slip Op 00400)





Waterscape Resort LLC v Pavarini McGovern, LLC


2019 NY Slip Op 00400


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Sweeny, J.P., Richter, Tom, Kern, Singh, JJ.


651360/15 -8180 8179 8178

[*1]Waterscape Resort LLC, Plaintiff-Respondent,
v
Pavarini McGovern, LLC, Defendant-Appellant.
Waterscape Resort LLC, Plaintiff-Appellant-Respondent,
v
Pavarini McGovern, LLC, Defendant-Respondent-Appellant.


John E. Osborn, P.C., New York (Daniel H. Crow of counsel), for appellant/respondent-appellant.
Lazarus & Lazarus, P.C., New York (Harlan M. Lazarus of counsel), for respondent/appellant-respondent.



Order, Supreme Court, New York County (Richard F. Braun, J.), entered August 24, 2016, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Judgment, same court and Justice, entered October 20, 2017, dismissing the complaint, unanimously reversed, without costs, and vacated. Appeal from order, same court and Justice, entered October 3, 2017, which granted defendant's motion for summary judgment dismissing the complaint pursuant to the doctrine of res judicata, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Because plaintiff's contract claim was not ripe when plaintiff moved in the federal adversarial proceeding for leave to assert a counterclaim, the claim is not a compulsory counterclaim pursuant to Federal Rules of Civil Procedure 13(a)(1). Thus, it is not barred in this subsequent action under the doctrine of res judicata (cf. Paramount Pictures Corp. v Allianz Risk Transfer AG, 141 AD3d 464, 467-468 [1st Dept 2016], affd 31 NY3d 64 [2018]).
The dispute resolution provisions in the parties' agreement are ambiguous as a matter of law (Greenfield v Philles Records, Inc., 98 NY2d 562, 569-570 [2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK